## Clayton v. Hunter, Appellant.

*Partnership—Admission as to partnership—Denial of partnership —Amendment—Refusal of amendment—Practice, C. P.*

Where a suit is brought against a single defendant as a surviving partner of a partnership which was alleged to have consisted of two members, and the defendant admits the partnership in his answer, the court cannot be charged with error in refusing leave to amend by striking out the admission, if the defendant does not also ask to amend by inserting a specific denial of the partnership. In such a case the refusal of the court to allow defendant to amend harmed him nothing, as the partnership being alleged by the plaintiff, it is deemed to be admitted by the defendant unless specifically denied.

*Partnership—Partnership for single purpose—Mistake in delivery of goods—Evidence.*

In an action against a survivor of two partners for goods sold and delivered, it appeared that the defendant and the deceased partner had in the latter's lifetime entered into a special partnership for the purpose of building a house. The deceased partner was also engaged in building other houses in which the defendant was not interested. The goods were charged to the deceased partner, and were delivered to the house in which the defendant was interested. *Held,* that the defendant might prove that the goods were indeed delivered to the house in which he was interested, but that there was a mistake made in so doing, and that they were not intended to be used there, and were afterwards removed to another house in which the defendant had no interest.

In such a case the books of original entry against the deceased

were not evidence of a delivery to the partnership, but if coupled with proof that the goods were actually furnished to the partnership, were admissible.

Argued April 17, 1918.   Appeal, No. 93, April T., 1918, by defendant, from judgment of C. P. Beaver Co., March T., 1916, No. 192, on verdict for plaintiff in case of J. F. Clayton v. George S. Hunter, Surviving Partner of Paul Cumby, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for goods sold and delivered.   Before BALDWIN, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $116.48.   Defendant appealed.

*Errors assigned* were (1) refusal to permit defendant to amend the affidavit of defense; (2-8) various rulings on evidence sufficiently shown by the opinion of the Superior Court.

*William A. McConnel,* with him *Roger Cope,* for appellant, cited as to the amendment: Clymer v. Thomas, 7 S. & R. 178; Diehl v. Adams County Mut. Ins. Co., 58 Pa. 443.

Cited as to book of original entries: Poultney v. Ross, 1 Dallas 238; Hough v. Doyle, 4 Rawle 291; Wall v. Dovey, 60 Pa. 212.

*Philip, E. Hamilton,* with him *R. W. Darragh,* for appellee.

OPINION BY TREXLER, J., July 10, 1918:

This is a suit against George S. Hunter, surviving partner.   The goods sued for were charged on the books of the plaintiff to Paul Cumby, Morado.   Paul Cumby and Hunter, the defendant, had entered into a special partnership for the purpose of building certain houses at

Morado. Defendant admitted the partnership in his answer but afterwards asked leave to amend by striking out the admission. This was refused. As the defendant did not ask to amend his affidavit by inserting a specific denial of the partnership, a refusal of the court to allow him to amend harmed him nothing, as the partnership being alleged by the plaintiff it is deemed to be admitted by the defendant unless specifically denied: Act of May 14, 1915, P. L. 483, Sections 6 and 8.

The partnership being established the plaintiff, notwithstanding the goods were charged to Cumby, seeks to prove a resultant reliability, attaching to Hunter. It was incumbent upon the plaintiff to show that the goods were used for partnership purposes. He sought to perform this duty by showing that the goods were delivered to the house which the partnership was erecting. In answer to this defendant offered to prove that the goods were indeed delivered to the house but that there was a mistake made in so doing and that they were not intended to be used there, and were afterwards removed to another house, in which the defendant had no interest. This offer was rejected. We think it was competent. We have not the case here of goods being furnished and charged to a partnership. The credit in this case was not extended to the defendant. To hold him as surviving partner there must be some transaction actually involving the partnership and it was certainly competent for the defendant to prove the negative of this; that the goods.in question were not used for partnership purposes.

The seventh and eighth assignments are sustained.

The books of original entry against Cumby were not evidence of a delivery to the partnership, but if coupled with proof that the goods actually were furnished to the partnership, were admissible: Bear v. Trexler, 3 W. N. C. 214.

The judgment is reversed with a venire facias de novo.